UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHNNY LEE RICHMOND,

        Plaintiff,

        v.                                      Case No. 21-C-829

THE EXECUTIVE DEPARTMENT OF THE U.S.,
THE THIRTEEN COLONIES OF UNITED STATES,
THE UNITED STATES CONSTITUTION, and
TRUSTEE OF THE U.S.,

        Defendants.

## SCREENING ORDER

Plaintiff Johnny Lee Richmond, who is currently serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed a complaint alleging that his civil rights were violated. This matter comes before the Court on Richmond's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Richmond has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Richmond filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). The Court determined that he lacks the funds to pay an initial partial filing fee, Dkt. No. 7, and so waives his obligation to do so. *See* 28 U.S.C. §1915(b)(4). Richmond's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## THE COURT'S ANALYSIS

Richmond sues the Executive Department of the United States, the Thirteen Colonies of the United States, and the United States Constitution based on assertions that, "pursuant to an 1889 Act of Congress," the United States is holding land in trust for his benefit. Dkt. No. 1 at 5. Richmond seeks "to control his own disposition of his property" and asks to be "compensate[d] for [his] inheritance of wills assumed abandoned held in trust by the United States." *Id.* at 6-7.

While not a perfect match, Richmond's complaint bears the hallmarks of the "Sovereign Citizens" movement. *See El v. AmeriCredit Financial Services, Inc.,* 710 F.3d 748, 750 (7th Cir. 2013).

> As explained by the FBI, 'Sovereign citizens view the USG [U.S. government] as bankrupt and without tangible assets; therefore, the USG is

2

> believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral. Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department.

*Id.* (citing Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http://info.public intelligence.net/FBI-SovereignCitizens.pdf).

Courts have repeatedly characterized arguments based on sovereign citizen theories as legally frivolous, without any conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Seventh Circuit has instructed that "[t]hese theories should be rejected summarily, however they are presented." *Id.* Accordingly, the Court will dismiss this case because Richmond has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Richmond's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Richmond shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Richmond's prison trust account in an amount equal to 20% of the preceding month's income credited to Richmond's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall

3

be clearly identified by the case name and number assigned to this action. If Richmond is transferred to another institution, the transferring institution shall forward a copy of this Order along with Richmond's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. §1915(a)(3) unless Richmond offers bona fide arguments supporting his appeal.

Dated at Green Bay, Wisconsin this 30th day of August, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.